## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                    **PLAINTIFF**

**v.**                                              **Civil No. 1:25-cv-166-HSO-BWR**

**JAY TRAPANI, et al.**                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [13] TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND FOR QUALIFIED IMMUNITY

Defendants Jay Trapani, Eddie Hersey,[1] Ronnie Artigues, Rhonda Aime-Gamble, Bobby Richardson, and Jeremy Clark (collectively "Defendants") seek dismissal of pro se Plaintiff Charles P. Pride's claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and based on qualified immunity. *See* Mot. [13]. Defendants' Motion [13] should be granted, and the claims against them should be dismissed.

## I. BACKGROUND

On June 2, 2025, Charles P. Pride ("Plaintiff") filed a largely unintelligible Complaint [1] which purports to raise a multitude of claims against fifteen defendants – some named, some unnamed. Compl. [1] at 2-3. The Defendants currently seeking dismissal are employees of the City of Waveland, Mississippi (the "City"), who have been sued ostensibly in their official capacities. *Id.*; Mem. [14] at

---

[1] The Court notes that the Complaint [1] incorrectly names Defendant Eddie "Hursey" as Defendant Eddie "Hersey." *See* Mem. [14] at 1.

1, 5.  The facts in the Complaint [1] are unclear, but it appears as though the case stems from a zoning dispute with the City.  According to Plaintiff,

> He Zoning permit[s] diligently applied for and was deprived property right neither permit[s] Zoning duty possessed.  Series of identified thieves' also never Police conspired possessed policy at still at large . . . Under color and with no ordinance authority, Pride's was further denied requested secure personnel property 20' shipping container storage and it's structural building incorporation uses.

Compl. [1] at 16.

Plaintiff's claims range from violations of 42 U.S.C. § 1983, *id.* 3-8, to ex post facto challenges, *id.* at 14, to malicious prosecution and violations of various local ordinances, *id.* at 19-25.  And under the section titled "Relief," Plaintiff states "[e]xtraordinary bad faiths will Habeas motion will complaint levee file in greater specificities[.]"  *Id.* at 40.

Defendants filed the present Motion [13] to Dismiss on September 10, 2025, *see* Mot. [13], arguing that Plaintiff has failed to state a plausible claim under Rule 12(b)(6), Mem. [14] at 2-3, and that they are entitled to qualified immunity, *id.* at 4-5.  Plaintiff has filed what the Court liberally construes as a Response [20],[2] which is equally as difficult to decipher as his original Complaint [1].  *See* Resp. [20].

---

[2] Plaintiff appears to have included in his Response [20] a motion for fraud sanctions and the Magistrate Judge's recusal, *see* Resp. [20] at 14, but offers no intelligible facts to support such claims, *see generally id.*  The Court will consider the Response [20]; but to the extent it seeks substantive relief, it is denied.

## II. DISCUSSION

### A.    Whether Plaintiff has Failed to State a Plausible Claim for Relief

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016).  A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.  *Shakeri*, 816 F.3d at 290. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Although a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted) (quoting *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009)).

The Court agrees with Defendants; the Complaint [1] is unintelligible to the point that the Court cannot decipher anything being alleged, and it states wild legal conclusions.  *See* Mem. [14] at 2.  For instance, under a claim for evidence tampering, Plaintiff states "[f]irst Habeas all audio muted.  Court ordered restored, white washed muted again, Policy indifference Second Habeas cherry picked (c) Intentionally prevents the production of physical evidence, fraudulent fished

3

repeatedly confronted dangerous 'scissors' frauds . . . ."  Compl. [1] at 10 (emphasis omitted).  And in making what appears to be a claim for malicious prosecution, Plaintiff argues "[y]ears of Jeopardy and Speedy docketed thieves' causations fishing.  Kangaroo shoe horned Pride malice retaliation[s] malicious prosecutions."  *Id.* at 20.

The Court is of the opinion that the Complaint [1], which continues in this vein for forty-one single-spaced pages, constitutes gobbledygook[3] and wholly fails to articulate any facts stating a plausible claim for relief.  *See Bey*, 3:23-cv-00012-LG-BWR, No. 35, at *1.  And even if the Court could discern a plausible claim, Plaintiff has failed to articulate any relief that it could grant.  *See* Compl. [1] at 40; *Iqbal*, 556 U.S. at 678.  Therefore, the claims against Defendants must be dismissed.  *See WRX LLC v. Bsi Grp. Am. Inc.*, No. 1:24-cv-1085, 2025 LEXIS 172552, at *1 n.1 (W.D. Mich. Apr. 9, 2025) ("[W]hen a complaint amounts to 'nothing more than unintelligible legalistic gobbledygook,' the 12(b)(6) standard is often appropriate.") (quoting *Cromer v. Snyder*, No. 17-1502, 2017 U.S. App. LEXIS 21415, at *1 (6th Cir. Oct. 25, 2017)).

B.    Whether Defendants are Protected under Qualified Immunity

"Section 1983 creates a private right of action for redressing violations of federal law by those acting under the color of state law."  *Olabisimotosho v. City of*

---

[3] "Gobbledygook" is defined as "wordy and generally unintelligible jargon."  *Gobbledygook*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/gobbledygook (last visited Dec. 3, 2025).  The Court has chosen this word not to disparage Plaintiff, but rather to accurately describe what it has observed.  *See Bey v. Thompson*, 3:23-cv-00012-LG-BWR, No. 35, at *1 (S.D. Miss. April 7, 2023) (unpublished).

*Houston*, 185 F.3d 521, 525 (5th Cir. 1999).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  And the description of this violation "cannot be conclusory; it must contain specific facts."  *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (discussing municipal liability under § 1983); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

"In response, officials may raise the defense of qualified immunity," *Stevenson v. Tocé*, 113 F.4th 494, 501 (5th Cir. 2024), which "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct," *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).  "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."  *Backe*, 691 F.3d at 648.

Additionally, "[a] claim against government officials in their official capacity is a *de facto* suit against the local government entity of which the officials act as agents."  *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023) (italics in original) (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  To state a claim for municipal liability under

5

§ 1983, "[a] plaintiff must show that '(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quoting *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)).

Plaintiff has not stated any plausible constitutional violation; his allegations are conclusory and bereft of any specific facts showing how a violation was committed by a person acting under color of state law. *See Iqbal*, 556 U.S. at 678; *Atkins*, 487 U.S. at 48. For instance, in arguing a Fourth Amendment violation, Plaintiff alleges "(nothing ever duty written systemic under color of law, laisse faire policy), but upon probable cause (thieves' causation[s] Pride malice citing of the entire IPMC kangaroo malicious prosecutions, in Jeopardy, with systemic fake 'Neighbor Complaints', fraudulent fished thieves' probable cause[s], malice policy) . . . ." *Id.* at 6 (emphasis omitted). And for an alleged Fourteenth Amendment violation, Plaintiff states "[m]erit Pro Se explicit prejudice conflicts clearly titled with repeated untrained cruel Habeas' and systemic no suss or parse to motioned 'protection of the laws'. docketed preserved." *Id.* at 7. So, whether Plaintiff is suing Defendants in their official or individual capacities, his claims fail for lack of any constitutional violation.

Plaintiff has likewise failed to plead facts showing that Defendants are not shielded by qualified immunity. Similar to the rest of the Complaint [1], the sections where Plaintiff attempts to show that qualified immunity is inappropriate are impossible to decipher, *see* Compl. [1] at 25-40, and his Response [20] offers

little assistance.  For example, in response to Defendant's Motion [13], Plaintiff states "Pro Se explicit prejudiced deception stated from page 21 but actual from a 'pasting' motion calling the kettle black confronting the district for Laisse faire no parse no merit issue reference ethos subterfuge . . . ."  Resp. [20] at 8.  Again, this is gobbledygook, and Defendants' Motion [13] should be granted.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Jay Trapani, Eddie Hersey, Ronnie Artigues, Rhonda Aime-Gamble, Bobby Richardson, and Jeremy Clark's Motion [13] to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and for Qualified Immunity is **GRANTED**, and Plaintiff Charles P. Pride's claims against these Defendants are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of December, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE