IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                                  **PLAINTIFF**

**v.**                                                            **Civil No. 1:25-cv-166-HSO-BWR**

**SHAWN SIMS, and**
**DAWN JOHNSON**                                                           **DEFENDANTS**

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This matter is before the Court sua sponte.  The Court finds that pro se Plaintiff Charles P. Pride's ("Plaintiff") Complaint [1] violates Federal Rule of Civil Procedure 8 and should be dismissed without prejudice.

## I. <u>BACKGROUND</u>

On June 2, 2025, Plaintiff filed a largely unintelligible complaint in which he raises a multitude of claims against fourteen defendants – some named, some unnamed.  Compl. [1] at 2-3.  The facts in the Complaint [1] are unclear, but it seems as though the case arises out of some sort of zoning dispute with the City of Waveland, Mississippi.  *See id.* at 16-18.  Plaintiff's claims range from violations of 42 U.S.C. § 1983, *id.* 3-8, to ex post facto challenges, *id.* at 14, to malicious prosecution and violations of various local ordinances, *id.* at 19-25.  Since this case began, Plaintiff has bombarded the Court with motion after motion of unintelligible ramblings.

On December 3, 2025, the Court granted a Motion [13] to Dismiss as to six Defendants, finding that the Complaint [1] "constitutes gobbledygook and wholly

fails to articulate any facts stating a plausible claim for relief," Order [26] at 4 (footnote and citation omitted), and addressing two of Plaintiff's Motions, *see* Mot. [19]; Mot. [20]; Text Only Orders entered December 3, 2025. The Court later liberally construed one of Plaintiff's filings as a request for reconsideration of the Order [26], which it denied. *See* Mot. [27]; Text Only Order entered January 21, 2026.

On January 6, 2026, the Court liberally construed and denied three more of Plaintiff's motions, *see* Mots. [9], [18], and [5], again remarking that Plaintiff's Complaint [1] and his subsequent filings were completely unintelligible, *see* Order [28] at 2-3; Text Only Orders entered January 6, 2026. In fact, on that same date, the Court denied another of Plaintiff's motions that was so incomprehensible it could not even determine how it should be construed. *See* Order [29] at 2-3; Mot. [17]. And on January 16, 2026, the Court sua sponte dismissed another six Defendants due to Plaintiff's failure to timely serve process under Federal Rule of Civil Procedure 4(m). *See* Order [32].

Following that most recent round of dismissals, only two Defendants remained: Shawn Sims and Dawn Johnson. The record reflects that Plaintiff issued summonses to these Defendants on June 2, 2025, *see* Dkt. [2] at 12-13, and on September 8, 2025, those summonses were returned and filed with the Court, *see* Dkt. [11] at 13-14, Dkt. [12] at 1-2. But the Court denied what it liberally construed as a motion for default judgment against Sims and Johnson on January 22, 2025, in

2

large part because the Complaint [1] failed to state any plausible claim for relief. *See* Order [35] at 4-5; Mot. [21].

Indeed, throughout this whole process, the Court has repeatedly noted the unintelligible nature of Plaintiff's Complaint [1]. *See* Order [26] at 4; Order [28] at 2-3; Order [29] at 1-3; Order [32] at 1; Order [35] at 4-5. Plaintiff recently filed two more incomprehensible motions on par with his previous filings, *see* Mot. [37]; Mot. [38], but alas, this process must come to an end.

## II. <u>DISCUSSION</u>

Under Federal Rule of Civil Procedure 8(a),

> [a] pleading that states a claim for relief must contain:
>    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of this rule is "to give the defendant fair notice of the claim and the grounds upon which it rests." *Dandridge v. U.S. Dep't of Just.*, No. CIV. A. 92-3209, 1992 WL 314980, *1 (E.D. La. Oct. 19, 1992) (citing *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 761-62 (5th Cir. 1984)). Therefore, "[a] pleading which violates Rule 8 may be dismissed when it is 'so verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965), *cert. denied*, 382 U.S. 966, (1965)).

3

Of course, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (italics and quotations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lutzenberger v. Airslate Legal Forms, Inc.*, No. 3:25-CV-264-KHJ-MTP, 2025 WL 2382836, at *1 n.1 (S.D. Miss. Aug. 15, 2025) ("[A pro se plaintiff's] pleadings are entitled to a liberal construction.") (quotations omitted) (quoting *Wile v. Abbott*, 459 F. Supp. 3d 803, 806 (N.D. Tex. 2020)).  But "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure," *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (footnotes omitted), and "district courts enjoy 'great leeway in determining whether a party has complied with Rule 8,'" *Vanderbol v. State Farm Mut. Auto Ins. Co.*, No. 4:19-CV-119-SDJ, 2020 WL 6866393, at *3 (E.D. Tex. Nov. 23, 2020), *aff'd*, No. 20-40875, 2021 WL 2577611 (5th Cir. Mar. 1, 2021) (quoting *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (per curiam)).

Here, the Complaint [1] is neither short nor plain, nor does it show that Plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a).  For instance, under a supposed claim for a Fourth Amendment violation, Plaintiff states

> (nothing ever duty written systemic under color of law, laisse faire policy), but upon probable cause (thieves' causation[s] Pride malice citing of the entire IPMC kangaroo malicious prosecutions, in Jeopardy, with systemic fake "Neighbor Complaints", fraudulent fished thieves' probable cause[s], malice policy), supported by Oath or affirmation, and particularly describing the place to be searched (deprived determined 1420 Ontario St. and 4370 Lake street IPMC required  mailed notice[s] deprived due process policy in Jeopardy) . . . .

4

Compl. [1] at 6 (emphasis omitted) (all errors in original).  And in attempting to

make out what might be a claim for evidence tampering, he states

> fraudulent fished repeatedly confronted dangerous "scissors" frauds, willfully edited out and Gov't personnel capacity criminally Grand Larceny cover up[s] willfully taking of ALL protected: 4th A. "papers and effects".  Kangaroo Pro Se prejudiced, indifferent denied any nature and confrontation clause sunshine.  In never ending malicious prosecutions labyrinthine appeal gauntlet: "I don't have time for this"; voluminous 4th A . . . .

*Id.* at [10] (all errors in original).

Nothing has changed since the Court's previous finding that the Complaint

[1] "wholly fails to establish any plausible claim for relief."  Order [26] at 4.  And

although a forty-one-page, single-spaced complaint may not be as verbose as other

complaints that have been dismissed under Rule 8, *see Vanderbol*, 2020 WL

6866393, at *3 (collecting cases where pleadings ranging from eighty to 180 pages

were dismissed), it violates Rule 8 nonetheless when it carries on in this manner

nonstop.  As previously stated, "the Complaint [1] is unintelligible to the point that

the Court cannot decipher anything being alleged, and it states wild legal

conclusions."  Order [26] at 3.  Rule 8 would be completely undermined if this

Complaint [1] is not dismissed because no Defendant can possibly be on "fair notice"

as to the claims against them.  *See Boudeloche*, 728 F.2d at 761-62.

Additionally, the Complaint [1] fails to demand relief in accordance with Rule

8(a)(3).  "This requirement is not arduous," *Goldsmith v. City of Atmore*, 996, 1161

F.2d 1155, 1161 (11th Cir. 1993), and it is particularly lenient given Plaintiff's pro

se status, *see Erickson*, 551 U.S. at 94.  But it is a requirement nonetheless, and the

Complaint [1] must include some form of "concise statement identifying the remedies and the parties against whom relief is sought . . . ." *Id.* (quotations omitted) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 366 (2d ed. 1990)).

Here, Plaintiff makes only a few stray comments hinting at any type of relief. For instance, he states "[e]xtra ordinary bad faith will latter complaint levee file and state in greater specificities for punitive and compensatory damages." Compl. [1] at 40 (all errors in original). This statement does not include any discernable demand for relief, and in fact, its most generous construction reads as though Plaintiff is opting to demand such relief later on in a separate filing. *See id.* This is a violation of Rule 8(a)(3). *See* Fed. R. Civ. P. 8(a)(3); *Goldsmith*, 996, 1161 F.2d at 1161; *Travaline v. U.S. Supreme Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011) (affirming the dismissal of a complaint under Rule 8 in which the complaint stated "no basis for the alleged violations" and "also fail[ed] to request any form of relief") (per curiam). Again, this does not afford any Defendant proper notice under Rule 8, *see Boudeloche*, 728 F.2d at 761-62, and moreover, even if the Court could discern a plausible claim, the Complaint [1] requests no relief that it could grant, *see* Compl. [1] at 40.

Given the Court's inherent authority to manage its own docket, *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam), and its leeway in determining compliance under Rule 8, *Barnes*, 597 F. App'x at 799, Plaintiff's Complaint [1] should be dismissed, *see Dandridge*, 1992 WL 314980, *1-2

(dismissing without prejudice a pleading that was "so confused, incomprehensible, and vague that the true substance, if any, [was] impossible to ascertain");

*Vanderbol*, 2020 WL 6866393, at *5; *Travaline*, 424 F. App'x at 79-80 (affirming the dismissal of a complaint that contained "largely unintelligible ramblings").

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Federal Rule of Civil Procedure 8.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of February, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE